UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| DUNKIN' DONUTS FRANCHISING LLC, DD IP HOLDER LLC, BASKIN-ROBBINS FRANCHISING LLC and BR IP HOLDER LLC, | * | CIVIL ACTION |
| | * | NO. |
| Plaintiffs, | * | JUDGE: |
| VERSUS | | |
| | * | MAG.: |
| YOUREE DRIVE DONUTS, LLC, MANSFIELD ROAD DONUTS, LLC, SOUTH WEST INVESTMENT GROUP, LLC, MUHAMMAD ALAM, FAKHAR IJAZ and MUHAMMAD YOUSAF, | * | |
| | * | |
| Defendants. | * | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

NOW INTO COURT, through undersigned counsel, come Plaintiffs Dunkin' Donuts Franchising LLC ("Dunkin' Donuts"), Baskin-Robbins Franchising LLC ("Baskin-Robbins") (together, "Franchisors"), DD IP HOLDER LLC ("DD IP"), and BR IP HOLDER LLC ("BR IP") (the Franchisors, DD IP and BR IP sometimes referred to collectively as "Plaintiffs") and hereby bring this suit against Defendants Youree Drive Donuts, LLC, Mansfield Road Donuts, LLC, South West Investment Group, LLC (collectively, Corporate Defendants"), Muhammad Alam, Fakhar Ijaz and Muhammad Yousaf (collectively, Guarantors") (the Corporate Defendants and Guarantors sometimes referred to as "Defendants"), and allege:

**PRELIMINARY STATEMENT**

1.  This is an action for breach of contract, trademark infringement, trade dress infringement, and unfair competition arising from Defendants' repeated violations of their Franchise Agreements and Personal Guarantees with Plaintiffs. On July 13, 2017, Defendants were notified that they were in default of the Franchise Agreements based on their failure to pay required fees and other amounts to Plaintiffs. Although the Corporate Defendant issued payment

to satisfy their outstanding monetary obligations, the payment was not honored by their bank based on insufficient funds.  As a result of its failure to satisfy the payment obligations under the Franchise Agreement, Defendants are no longer entitled to an opportunity to cure their financial defaults.  Accordingly, Plaintiffs sent Defendants Notices of Termination with respect to the Dunkin' Donuts and/or Baskin-Robbins shops terminating their Franchise Agreements.  Defendants continue to operate the Dunkin' Donuts and/or Baskin-Robbins shops in violation of the Franchise Agreements.  Additionally, Defendants' continued use and enjoyment of Plaintiffs' trademarks, trade name, and trade dress after termination of the Franchise Agreements is a violation of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*  Plaintiffs seek injunctive relief, monetary damages, and other relief against Defendants for these violations.

## PARTIES

2. Plaintiff Dunkin' Donuts Franchising LLC ("Dunkin'") is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts.  None of Dunkin's members is a citizen of Arkansas or Louisiana.  It is engaged in the business of franchising independent business persons to operate Dunkin' Donuts shops throughout the United States.  Dunkin' Donuts franchisees are licensed to use the Dunkin' Donuts trade names, service marks, and trademarks and to operate under the Dunkin' Donuts franchise system, which involves the production, merchandising, and sale of doughnuts and related products utilizing a specially designed building with special equipment, equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks and identification.  Dunkin' is authorized to transact business in the State of Louisiana.

3. Baskin-Robbins Franchising LLC ("Baskin") is a Delaware limited liability company organized with its principal place of business at 130 Royall Street, Canton, MA 02021.

None of Baskin's members is a citizen of Arkansas or Louisiana.  It is engaged in the business of franchising independent business persons to operate Baskin-Robbins shops throughout the United States.  Baskin-Robbins franchisees are licensed to use the trade names, service marks, and trademarks of Baskin-Robbins and to operate under the Baskin-Robbins franchise system, which involves the production, merchandising, and sale of ice cream and related products utilizing a specially designed building with special equipment, equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks and identification.  Baskin is authorized to transact business in the State of Louisiana.

4. Plaintiff DD IP Holder LLC, successor-in-interest to Dunkin' Donuts USA, Inc., is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts.  None of its members is a citizen of Arkansas or Louisiana.  DD IP Holder LLC is the owner of the trademark, service mark, and trade name "Dunkin' Donuts" and related marks.

5. Plaintiff BR IP Holder LLC, successor-in-interest to Baskin-Robbins Incorporated, is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts.  None of its members is a citizen of Arkansas or Louisiana.  BR IP Holder LLC is the owner of the trademarks, service mark, and trade name "Baskin-Robbins" and related marks.

6. Defendant Youree Drive Donuts, LLC ("Youree") is an Arkansas limited liability company with its principal place of business in Arkansas.  Upon information and belief, Youree's members are citizens of Arkansas or Louisiana.  At all times relevant to this action, Youree was the owner and operator of a retail Dunkin' Donuts shop located at 285-299 Southfield Road, Shreveport, Louisiana 71105, pursuant to a Franchise Agreement with Dunkin'

dated April 15, 2015.  A true and correct copy of the Franchise Agreement, as amended, is attached as Exhibit 1.

7. Defendant Mansfield Road Donuts, LLC ("Mansfield") is an Arkansas limited liability company with its principal place of business in Arkansas.  Upon information and belief, Mansfield's members are citizens of Arkansas or Louisiana.  At all times relevant to this action, Mansfield was the owner and operator of a retail Dunkin' Donuts and Baskin-Robbins shop located at 9525 Mansfield Road, Shreveport, Louisiana 71118, pursuant to a Franchise Agreement with Dunkin' and Baskin dated December 3, 2014.  A true and correct copy of the Franchise Agreement, as amended, is attached as Exhibit 2.

8. Defendant South West Investments, LLC ("South West") is an Arkansas limited liability company with its principal place of business in Arkansas.  Upon information and belief, South West's members are citizens of Arkansas or Louisiana.  At all times relevant to this action, South West was the owner and operator of a retail Dunkin' Donuts shop located at 1701 Jimmie Davis Highway, Bossier City, Louisiana 71112, pursuant to a Franchise Agreement with Dunkin' LLC dated May 8, 2013.  A true and correct copy of the Franchise Agreement, as amended, is attached as Exhibit 3.

9. Defendants Muhammad Alam, Fakhar Ijaz and Muhammad Yousaf are natural persons and, upon information and belief, citizens and residents of the State of Arkansas or Louisiana.  Defendants are officers and members of Youree, Mansfield and South West, and personally guaranteed the obligations of each entity pursuant to personal guarantees executed with respect to the Franchise Agreement.  See Exhibits 1-3.

## JURISDICTION AND VENUE

10. This action arises, in part, under Chapter 22 of Title 15 of the United States Code, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"), and presents, *inter alia*, federal questions involving trademark infringement and unfair competition.

11. This Court has jurisdiction pursuant to §§ 34(a) and 39 of the Lanham Act, 15 U.S.C. §§ 1116(a) and 1121, and 28 U.S.C. §§ 1331, 1332, 1338, and 1367(a). The amount in controversy, including the objects of the litigation, exceeds $75,000, exclusive of interest and costs.

12. This Court has *in personam* jurisdiction over Defendants because they conduct business in this district and the events giving rise to Plaintiffs' claims occurred in this district.

13. This Court has supplemental jurisdiction over any related state law claims pursuant to 28 U.S.C. § 1367.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district, a substantial part of the events giving rise to Plaintiffs' claims occurred in this district, and/or this is the judicial district in which Defendants are subject to personal jurisdiction.

## FACTUAL BACKGROUND

### The Dunkin' Donuts System

15. Dunkin' is the franchisor of the Dunkin' Donuts franchise system.

16. DD IP Holder LLC is the owner of the trademark, service mark, and trade name "Dunkin' Donuts," and related marks. Dunkin' has the exclusive license to use and license others to use these marks and trade name and has along with its predecessors used them continuously since approximately 1960 to identify Dunkin' Donuts shops, and the doughnuts, pastries, coffee and other products associated with those shops.

17. DD IP Holder LLC owns numerous federal registrations for the mark "Dunkin' Donuts" and related marks. Each of these registrations is in full force and effect, and most of them are incontestable pursuant to 15 U.S.C. § 1065. Each registration is prima facie evidence of the validity of the registration, of DD IP Holder LLC's ownership of the Dunkin' Donuts marks, and of Dunkin' Donuts' exclusive right to use those marks in commerce on the services and goods listed above, as provided in 15 U.S.C. §§ 1057(b) and 1115(a).

18. The Dunkin' Donuts marks are utilized in interstate commerce.

19. The Dunkin' Donuts marks have been very widely advertised and promoted by Dunkin' Donuts over the years. As a result, the Dunkin' Donuts marks have become famous throughout the United States.

20. Dunkin's franchisees currently operate more than 12,000 restaurants worldwide, including over 9,000 restaurants in the United States. In the more than sixty (60) years since the Dunkin' Donuts system began, millions of customers have been served in Dunkin' Donuts shops. In fact, more than 3 million customers are served on a typical day.

21. As a result of the extensive sales, advertising, and promotion of items identified by the Dunkin' Donuts marks, the public has come to know and recognize the Dunkin' Donuts marks, and associate them exclusively with products and services offered by Dunkin' and its franchisees. The Dunkin' Donuts marks are among the best and most widely known trademarks in the United States today, and are assets of inestimable value to Dunkin', representing and embodying Dunkin's considerable goodwill and favorable reputation.

### The Baskin-Robbins System

22. Baskin is the franchisor of the Baskin-Robbins franchise system.

23. Baskin is engaged in the business of franchising independent business persons to operate Baskin-Robbins shops throughout the United States, including the State of Louisiana.

6

24. BR IP Holder LLC is the owner of the trademark, service mark, and trade name "Baskin-Robbins" and related marks. Baskin has the exclusive license to use and to license others to use these marks and trade names and has, along with its predecessors, used them continuously since approximately 1947 to identify its ice cream stores, and the ice cream and other products associated with those stores.

25. BR IP Holder LLC, owns numerous federal registrations for the mark "Baskin-Robbins" and related marks. Each of these registrations is in full force and effect, and most of them are incontestable pursuant to 15 U.S.C. § 1065. Each registration is prima facie evidence of the validity of the registration, of BR IP Holder LLC's ownership of the Baskin-Robbins marks, and of Baskin's exclusive right to use those marks in commerce on the services and goods listed above, as provided in 15 U.S.C. §§ 1057(b) and 1115(a).

26. The Baskin-Robbins trademarks are utilized in interstate commerce.

27. The Baskin-Robbins marks have been very widely advertised and promoted by Baskin-Robbins over the years. As a result, the Baskin-Robbins marks have become famous throughout the United States.

28. Baskin-Robbins franchisees currently operate approximately 2,500 shops in the United States and 7,300 shops around the world. In the more than sixty (60) years since the Baskin-Robbins system began, millions of consumers have been served in Baskin-Robbins stores.

29. As a result of the extensive sales, advertising, and promotion of items identified by the Baskin-Robbins marks, the public has come to know and recognize the Baskin-Robbins marks, and to associate them exclusively with products and services offered by Baskin-Robbins and its franchisees. The Baskin-Robbins marks are among the best and most widely known

trademarks in the United States today, and are assets of inestimable value to Baskin, representing and embodying Baskin's considerable goodwill and favorable reputation.

### Defendant Mansfield's Obligations Under the Franchise Agreement

30. Mansfield entered a franchise agreement with Dunkin' and Baskin, which granted it a franchise to operate a Dunkin' Donuts and Baskin-Robbins shops utilizing the Dunkin' Donuts and Baskin-Robbins system, as described in paragraphs 15-29 above (collectively, the "Franchise Agreement").

31. Mansfield was licensed to use the Dunkin' Donuts and Baskin-Robbins trademarks, trade names, and trade dress in accordance with the terms of the Franchise Agreement.

32. Under the Franchise Agreement, Mansfield agreed to use Dunkin' Donuts and Baskin-Robbins proprietary marks, including, but not limited to, their trademarks, service marks, logos, emblems, trade dress and other indicia of origin, only in the manner and to the extent specifically licensed by the Franchise Agreements. (Exhibit 2, Franchise Agreement §§ 2.1, 2.4(a) and 9.0).

33. Under the Franchise Agreement, Mansfield agreed, among other things, to pay:

(a) a franchise fee equal to 5.9% of gross sales of the business (Ex. 2, Contract Data Schedule ¶ E1 and Agreement § 5.2);

(b) an advertising fee equal to 5.0% of gross sales of the business (Ex. 2, Contract Data Schedule ¶ F and Agreement § 5.3,

(c) late fees, interest and costs on unpaid monies due under the Franchise Agreements (Ex. 2, Agreement § 5.7

(d)     all sums owing and any damages, interest, costs and expenses, including reasonable attorneys' fees, incurred as a result of any default.  (Exs. 2, Franchise Agreement §§14.4.4 and 14.7.1).

34.     Mansfield agreed that it would be in default under the Franchise Agreement if it breached any obligation under the Franchise Agreement, including failing to pay any of the required fees.  (Exhibit 2, Franchise Agreement § 14.1.2).

35.     Mansfield also agreed that upon the termination of the Franchise Agreement, its right to use the Dunkin' Donuts and Baskin-Robbins proprietary marks and system would cease, and they would immediately cease to operate the franchised businesses, cease to use the proprietary marks and system, and would not, directly or indirectly, hold themselves out as a present or former Dunkin' Donuts and/or Baskin-Robbins franchisees.  (Exhibit 2, Franchise Agreement §§ 14.6, 14.7.2 and 14.7.3).

36.     Mansfield agreed that any unauthorized use of the Dunkin' Donuts and Baskin-Robbins proprietary marks following termination of the Franchise Agreement would result in irreparable harm to Franchisors, and would constitute willful trademark infringement.  (Exhibit 2, Franchise Agreement §§ 9.3, 10.3, 10.4 and 14.5).

37.     Defendants Alam, Ijaz and Yousaf (collectively, the "Individual Defendants"), signed Personal Guarantees of Mansfield's obligations under the Franchise Agreement.

**Defendants Youree's and South West's Obligations Under the Franchise Agreements**

38.     Youree and South West each entered a franchise agreement with Dunkin' Donuts Franchising LLC, which granted it a franchise to operate a Dunkin' Donuts shop utilizing the Dunkin' Donuts system, as described in paragraphs 15-21 above (collectively, the "DD Franchise Agreements").

39. Youree and South West were each licensed to use the Dunkin' Donuts trademarks, trade names, and trade dress in accordance with the terms of the Franchise Agreements.

40. Under the Franchise Agreements, Youree and South West agreed to use Dunkin' Donuts proprietary marks, including, but not limited to, their trademarks, service marks, logos, emblems, trade dress and other indicia of origin, only in the manner and to the extent specifically licensed by the Franchise Agreements. (Exhibit 1 & 3, Franchise Agreements §§ 2.1, 2.4(a) and 9.0).

41. Under the Franchise Agreements, Youree and South West each agreed, among other things, to pay:

   (a) a franchise fee equal to 5.9% of gross sales of the business (Exs. 1 & 3, Contract Data Schedule ¶ E1 and Agreement § 5.2);

   (b) an advertising fee equal to 5.0% of gross sales of the business (Exs. 1 & 3, Contract Data Schedule ¶ F and Agreement § 5.3,

   (c) late fees, interest and costs on unpaid monies due under the Franchise Agreements (Exs. 1 & 3, Agreement § 5.7

   (d) all sums owing and any damages, interest, costs and expenses, including reasonable attorneys' fees, incurred as a result of any default. (Exs. 1 & 3, Franchise Agreements §§14.4.4 and 14.7.1).

42. Youree and South West each agreed that it would be in default under the DD Franchise Agreement if it breached any obligation under the Franchise Agreement, including failing to pay any of the required fees. (Exhibits 1 & 3, Franchise Agreements § 14.1.2).

43. Youree and South West each also agreed that upon the termination of the DD Franchise Agreement, its right to use the Dunkin' Donuts proprietary marks and system would

cease, and they would immediately cease to operate the franchised businesses, cease to use the proprietary marks and system, and would not, directly or indirectly, hold themselves out as a present or former Dunkin' Donuts franchisees. (Exhibits 1 & 3, Franchise Agreements §§ 14.6, 14.7.2 and 14.7.3).

44. Youree and South West each agreed that any unauthorized use of the Dunkin' Donuts proprietary marks following termination of the DD Franchise Agreement would result in irreparable harm to Franchisor, and would constitute willful trademark infringement. (Exhibits 1 & 3, Franchise Agreements §§ 9.3, 10.3, 10.4 and 14.5).

45. Defendants Alam, Ijaz and Yousaf (collectively, the "Individual Defendants"), signed Personal Guarantees of Youree's and South West's obligations under the Franchise Agreements.

### Defendants' Defaults and Termination

46. Defendants breached the Franchise Agreements and Personal Guarantees, as applicable, by failing to pay the required fees, rents, and/or other amounts owed to Plaintiffs, on several occasions.

47. Pursuant to the applicable provisions of the Franchise Agreements, on July 13, 2017, counsel for Franchisors sent each of the Corporate Defendants a Notice to Cure notifying it that it was in default of the Franchise Agreement based on the failure to pay the required fees. Exhibits 4-6. Although Defendants purported to make an electronic funds transfer to satisfy the payment, the transfer payments failed to clear upon presentation to their bank due to insufficient funds. Since the July 13, 2017, Cure Notices, Defendants have failed to cure the default.

48. As a result of the continued default and failure to cure, Franchisors sent each Defendant a Notice of Termination with respect to the franchised business (the "Notice of Termination"). Exhibits 7-9. The Notices of Termination terminated the Franchise Agreemets,

11

stated the grounds for termination, and requested that each Corporate Defendant immediately comply with its post-termination obligations as set forth in the Franchise Agreements.

49. Notwithstanding Defendant Mansfield's non-performance under the Franchise Agreement, the resulting termination of the Franchise Agreement, and the Notice of Termination, it has continued to operate the Dunkin' Donuts and Baskin-Robbins shops using Franchisors' marks and system without having any right or license to do so.

50. Notwithstanding Defendants Youree's and South West's non-performance under the Franchise Agreements, the resulting termination of the Franchise Agreements, and the Notices of Termination, each has continued to operate Dunkin' Donuts shops using Franchisor's marks and system without having any right or license to do so.

51. Defendants' continued unauthorized use of the Dunkin' Donuts and/or Baskin-Robbins marks and system is causing and will continue to cause Franchisors irreparable harm.

52. Plaintiffs have been forced to engage undersigned counsel to represent them in this case.

53. Plaintiffs are obligated to pay undersigned counsel a reasonable fee for professional services provided in this case.

## COUNT I
**(Breach of the Franchise Agreements)**
**(Corporate Defendant)**

54. The allegations of paragraphs 1 through 53 are hereby incorporated by reference.

55. Franchisors have performed all of their obligations under the Franchise Agreements.

56. The Corporate Defendants' conduct described herein constitutes breaches of the above-described contractual obligations contained in the Franchise Agreements.

57. Those breaches constitute good cause for terminating the Franchise Agreements.

58. As a result of the Corporate Defendants' actions and inactions, Plaintiffs have suffered and are continuing to suffer irreparable harm, and have incurred and are continuing to incur monetary damages in an amount that has yet to be determined.

## COUNT II
### (Breach of Personal Guarantees)
### (Individual Defendants)

59. The allegations of paragraphs 1 through 58 are hereby incorporated by reference.

60. Franchisors have performed all of their obligations under the Franchise Agreements.

61. The Corporate Defendants' conduct described herein constitute breaches of the above-described contractual obligations in the Franchise Agreements.

62. Those breaches constitute good cause for terminating the Franchise Agreements.

63. Pursuant to the terms of the Personal Guarantees, the Individual Defendants agreed, among other things, that upon a default under the Franchise Agreements, they would immediately make each payment and perform each obligation required by those agreements.

64. Despite Individual Defendants' obligations to do so, they have failed to make any payments or perform each obligation required by the Franchise Agreements.

65. As a result of Individual Defendants' actions or inactions, Plaintiffs have suffered and are continuing to suffer irreparable harm, and have incurred and are continuing to incur monetary damages in an amount that has yet to be determined.

## COUNT III
### (Trademark Infringement)
### (All Defendants)

66. The allegations of paragraphs 1 through 65 are hereby incorporated by reference.

67. The use in commerce of the Dunkin' Donuts and/or Baskin-Robbins trademarks and trade names by Defendants outside the scope of the Franchise Agreement and without

Franchisors' consent is likely to confuse or deceive the public into believing, contrary to fact, that the unauthorized activities of Defendants are licensed, franchised, sponsored, authorized, or otherwise approved by Dunkin' and/or Baskin-Robbins. Such unauthorized use of the Dunkin' Donuts and/or Baskin-Robbins trademarks and trade names infringes the exclusive rights in its trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114 and applicable state law.

68. The acts of Defendants were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

69. As a result of the actions of Defendants, Plaintiffs have suffered and are continuing to suffer irreparable harm, and have incurred and are continuing to incur monetary damages in an amount that has yet to be determined.

### COUNT IV
### (Unfair Competition)
### (All Defendants)

70. The allegations of paragraphs 1 through 69 are hereby incorporated by reference.

71. The use in commerce of the Dunkin' Donuts and/or Baskin-Robbins trademarks and trade names by Defendants outside the scope of the Franchise Agreement and without Franchisors' consent is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of their goods, services, or commercial activities by another person. Such unauthorized use of the Dunkin' Donuts and/or Baskin-Robbins trademarks and trade names violates Section 43 of the Lanham Act, 15 U.S.C. § 1125(a) and applicable state law.

72. The acts of Defendants were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

73. As a result of the actions of Defendants, Plaintiffs have suffered and are continuing to suffer irreparable injury, and have incurred and are continuing to incur monetary damages in an amount that has yet to be determined.

## COUNT V
### (Trade Dress Infringement)
### (All Defendants)

74. The allegations of paragraphs 1 through 73 are hereby incorporated by reference.

75. The Corporate Defendants' shop is identified by signs, exterior appearance, packaging, containers, and other items on which the words "Dunkin' Donuts" and/or Baskin-Robbins appear in the same lettering style and in the same distinctive color scheme as Franchisors' uses for the shops operated by their franchisees and licensees.

76. The use of trade dress that is identical to the Dunkin' Donuts and/or Baskin-Robbins trade dress outside the scope of the Franchise Agreement constitutes a false designation of the origin of Defendants' shops, which is likely to cause confusion, or to cause mistake, or to deceive the public as to the affiliation, connection, or association of their shops with the Dunkin' Donuts and/or Baskin-Robbins shops operated by Franchisors' franchisees and licensees. Such adoption of Dunkin' Donuts and/or Baskin-Robbins trade dress violates Section 43 of the Lanham Act, 15 U.S.C. § 1125, and the common law.

77. The acts of Defendant were and are being done knowingly and intentionally to cause confusion, or to cause mistake or deceive.

78. As a result of the actions of Defendants, Plaintiffs have suffered and are continuing to suffer irreparable harm, and have incurred and are continuing to incur monetary damages in an amount that has yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that this Court:

1. Enter a declaratory judgment that each of the Corporate Defendants Youree Drive Donuts, LLC's, Mansfield Road Donuts, LLC's and South West Investments, LLC's conduct violated the terms of their Franchise Agreements, and constituted good cause for termination of those agreements;

2. Enter an order ratifying and enforcing the termination of the Franchise Agreements as of the effective date contained in the Notices of Termination;

3. Enjoin Defendants, and their agents, servants, employees and attorneys, and all others in active concert or participation with them, from infringing upon the Dunkin' Donuts and/or Baskin-Robbins trademarks, trade names, and trade dress, and from otherwise engaging in unfair competition with Dunkin' Donuts and/or Baskin-Robbins;

4. Enjoin Defendants, and their agents, servants, employees and attorneys, and all others in active concert or participation with them, to comply with all post-termination obligations under any contract with Plaintiffs, including but not limited to, the Franchise Agreement and Personal Guarantees;

5. Enter a judgment in favor of Plaintiffs for the damages incurred as a result of the breaches of the Franchise Agreements and Personal Guarantees;

6. Award Plaintiffs prejudgment interest in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117 and applicable law;

7. Award Plaintiffs their costs and attorneys' fees incurred in connection with this action pursuant to the Franchise Agreements, Personal Guarantees, and Section 35 of the Lanham Action, 15 U.S.C. § 1117; and

8.       Award Plaintiffs such other relief as this Court may deem just and proper.

Respectfully submitted,

**GORDON, ARATA, MONTGOMERY, BARNETT, McCOLLAM, DUPLANTIS & EAGAN, LLC**
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
Phone: (504) 582-1111  Fax: (504) 582-1121

By:   <u>s/ Donna Phillips Currault</u>
    Steven W. Copley (#16869)
        scopley@gamb.law
    Donna Phillips Currault (#19533)
        dcurrault@gamb.law
    Alex Rothenberg (#34740)
        arothenberg@gamb.law

Attorneys for Plaintiffs,
Dunkin' Donuts Franchising LLC, DD IP Holder, LLC, Baskin-Robbins Franchising LLC, and BR IP Holder LLC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| DUNKIN' DONUTS FRANCHISING LLC, DD IP HOLDER LLC, BASKIN-ROBBINS FRANCHISING, LLC and BR IP HOLDER, LLC | * | CIVIL ACTION |
| | * | NO. |
| Plaintiffs, | * | JUDGE: |
| VERSUS | | |
| | * | MAG.: |
| YOUREE DRIVE DONUTS, LLC, MANSFIELD ROAD DONUTS, LLC, SOUTH WEST INVESTMENT GROUP, LLC, MUHAMMAD ALAM, FAKHAR IJAZ and MUHAMMAD YOUSAF | * | |
| | * | |
| Defendants. | * | |

## VERIFICATION AND AFFIDAVIT

COUNTY OF Norfolk

STATE OF MASSACHUSETTS

BE IT KNOWN, that on this _11_ day of September, 2017, before me, the undersigned Notary Public, duly commissioned and qualified in and for the aforesaid County and State, came and appeared:

### GARY ZULLIG

a person of full age of majority and resident of the State of Massachusetts, who, being duly sworn, did depose and say that he is the Senior Collections Specialist for Dunkin' Donuts Franchising LLC and Baskin-Robbins Franchising LLC; that he has personal knowledge of, and has read, all the facts and allegations contained in the above and foregoing complaint; and that same are all true and correct to the best of his knowledge, information, and belief.

Gary Zullig, Senior Collections Specialist

SWORN TO AND SUBSCRIBED
BEFORE ME THIS _11th_ DAY
OF SEPTEMBER, 2017.

NOTARY PUBLIC
My Commission Expires:

ELAINE L. BOUZAN
NOTARY PUBLIC
Commonwealth of Massachusetts
My Commission Expires on
November 20, 2020